**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of John Shelby Wells, Appellant.

Appellate Case No. 2021-000679

———————

Appeal From Lexington County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-138
Submitted March 1, 2023 – Filed April 5, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** John Shelby Wells appeals his commitment to the Department of Mental Health pursuant to the Sexually Violent Predator (SVP) Act (the Act).[1] On appeal Wells argues the circuit court erred by conducting an SVP commitment hearing while he was incompetent. We affirm pursuant to Rule 220(b), SCACR.

———————

[1] S.C. Code Ann. §§ 44-48-10 to -170 (2018).

We hold the circuit court did not err in proceeding with the commitment hearing notwithstanding Wells's argument that he was incompetent. *See In the Matter of Griffin*, 434 S.C. 338, 341, 863 S.E.2d 346, 348 (Ct. App. 2021) (holding "a prisoner is not entitled to be competent to stand trial under the Act"), *petition for cert. filed* (S.C. Sup. Ct. Oct. 27, 2021); *id.* ("In construing the Act in its entirety, we can find no statutory requirement of competence for proceedings arising under the Act. Rather, it appears the General Assembly contemplated the likelihood of a potential SVP to be incompetent to adequately assist in his or her own defense.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.